**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Plaintiff,**

v.

**NATIONAL MEDIATION BOARD et al., Defendants.**

Civ. A. No. 76–0200.

United States District Court, District of Columbia.

Feb. 10, 1976.

James L. Highsaw, Jr., William G. Mahoney, John O'B. Clark, Jr., Washington, D. C., for plaintiff.

Alexis Panagakos, Civil Div., Dept. of Justice, Roland P. Wilder, Jr., Washington, D. C., Miachel E. Abram, New York City, for defendants.

MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This suit was filed by plaintiff International Association of Machinists and

Aerospace Workers (IAM) and seeks to enjoin the National Mediation Board from conducting a representation election among the flight attendant employees of Northwest Airlines. IAM bases its challenge on the ground that the National Mediation Board's decision to deny as untimely, IAM's request for intervention in the dispute was in violation of the National Mediation Board's statutory duties. IAM seeks an order of the court requiring the NMB to place IAM's name on the ballot before the ballots are mailed to the employees. The two unions presently on the ballot, Air Line Pilots Association (the current representative of the employees) and International Brotherhood of Teamsters (the applicant union) have intervened as defendants in the suit opposing IAM's claim.

The undisputed facts are as follows:

On November 17, 1975, the International Brotherhood of Teamsters, Airline Division (IBT) filed an application with the National Mediation Board pursuant to Section 2, Ninth of the Railway Labor Act, 45 U.S.C. § 151, et seq., alleging the existence of a representation dispute involving flight attendant employees of Northwest Airlines, presently represented by the Air Line Pilots Association (ALPA).

The application of IBT was docketed by the National Mediation Board on December 4, 1975. Mediator John Willits commenced the investigation of the dispute January 5, 1976. The papers submitted by plaintiff IAM show that the union was aware in December of IBT's application and the date the investigation was to commence. The Mediator established January 6, 1976, as the cutoff date for the submission of authorization cards. At no time prior to January 6, 1976, did IAM, plaintiff herein, formally apply to intervene in the representation proceeding or submit authorization cards.

On January 12, 1976, the IAM telegraphed the Board of its intention to intervene in the proceeding. On January 14, 1976, the Mediator received authorization cards from IAM purportedly from 35% of the employees involved in the representation dispute.

On January 15, 1976, the Mediator orally reported the results of his investigation to the Board. On that same date IBT objected to IAM's request for intervention on the ground that such intervention was untimely.

On January 19, 1976, the Board determined that a representation dispute existed and authorized an election to determine the dispute. It further directed that the question of the IAM's intervention would be the subject of a hearing to be held January 27, 1976. IAM, IBT and ALPA were given notice of the hearing on January 20, 1976. On January 29, 1976, the Board issued a decision dismissing IAM's application for intervention.

IAM claims that the court should overturn the decision of the Board on the grounds that (1) IAM had no notice of the cut-off date or any rule establishing a joint cut-off date for applicants and intervenors and therefore plaintiff claims its due process rights were violated; (2) if the NMB did have a rule establishing a joint cut-off date, it was required to have been published in accordance with the Administrative Procedure Act; (3) plaintiff was misled to believe that it would have enough time to file its authorization cards through informal conversation with several individual Board members; and (4) the decision of the Board to dismiss plaintiff's application for intervention was in violation of the Railway Labor Act.

The Court having considered the respective briefs submitted by the parties and the arguments of counsel at the hearing finds that the standard of review to be applied in this case is controlled by the decisions of the United States Supreme Court in *Switchmen's Union v. National Mediation Board*, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943) and *Railway Clerks v. Non-contract Employees*, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965) as well as the decision rendered by this circuit in *International Ass'n of Machinists and Aerospace Workers v. National Mediation Board*,

138 U.S.App.D.C. 96, 425 F.2d 527 (1970). These cases hold that decisions of the National Mediation Board in resolving representation disputes are unreviewable except where the Board has acted in excess of its statutory authority. Since the Court finds that by dismissing IAM's application for intervention, the NMB did not violate any statutory mandate and did not act in excess of its statutory authority, judicial review of the current claim is precluded.

Accordingly, this action must be dismissed and motions for temporary and preliminary injunctive relief must be denied.